IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA VEACH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:19-cv-02312-BT |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court in this property insurance dispute is Plaintiff Linda Veach's Motion to Enter Judgment in her favor. Mot. (ECF No. 93); Mot. Br. (ECF No. 94). Having considered the Motion, Defendant State Farm Lloyds's Response (ECF Nos. 97-99), Veach's Reply (ECF No. 100), and the applicable law, the Court GRANTS the Motion in part, and DENIES it in part.

**Background**

Veach sued State Farm under her homeowner's property insurance policy. She claimed that a June 6, 2018 storm damaged the roof on her home, and she demanded policy benefits to replace it. State Farm assigned an independent insurance adjuster to inspect the roof, and he found $4,445.56 in replacement-costs damages. After applying depreciation and Plaintiff's deductible, State Farm issued Veach a check for $549.95. Veach disagreed with the adjuster's assessment and objected to State Farm's handling of her claim. She filed this lawsuit, alleging State Farm breached the insurance contract and committed other acts during the

1

investigation and handling of her claim that included violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and breach of the duty of good faith and fair dealing.

The case was tried to a jury beginning August 23, 2021. On August 26, 2021, the jury returned a verdict in favor of Veach, finding State Farm breached the insurance contract and violated the Texas Insurance Code and the DTPA (collectively, the "statutory claims"). Jury Verdict (ECF No. 90). The jury awarded Veach $17,255.24 on her contract claim and $38,374.29 on her statutory claims. *Id.* Based on the verdict, Veach filed her Motion to Enter Judgment in her favor for damages in the amount of $55,629.53, plus $189,045.00 of attorneys' fees, and pre- and post-judgment interest. Mot. (ECF No. 93).

State Farm objects to Veach's Motion, arguing that the proposed judgment (1) improperly awards damages under both her contract claim and her statutory claims; (2) purports to award an amount of attorney's fees that is "inflated, unnecessary, and unsupported by the evidence;" and (3) contains the wrong rates of pre- and post-judgment interest. Resp. Br. (ECF No. 98). The Motion is fully briefed and ripe for determination.

## Legal Standards and Analysis

a. <u>Veach is not entitled to double recovery of policy benefits.</u>

As a threshold matter, State Farm argues Veach cannot recover the damages awarded by the jury for both the breach of contract claims and the statutory

2

violations. It insists there is no evidence of any damages beyond policy benefits and that Veach cannot get a double recovery of those benefits. The Court agrees.

During trial, the Court granted State Farm's Rule 50 Motion for Judgment as a Matter of Law as to the issue of mental-anguish damages because Veach failed to put on any evidence of such damages. *See* ECF Nos. 84, 86. Indeed, there was no evidence of any damages beyond the unpaid covered losses caused by the June 6, 2018 storm.

In Texas, although a party is generally entitled to sue and seek damages on alternative theories, it is not entitled to a double recovery. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998). A double recovery exists when a plaintiff obtains more than one recovery for the same injury. *Id.* (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991)). Here, the jury made separate findings of actual damages on Veach's contract claim and her statutory claims, but those findings represented damages for the same loss. A judgment awarding Veach damages for the same loss under both theories of liability would constitute an impermissible double recovery. Therefore, Veach must elect one theory on which to recover. *Id.* The Court presumes Veach would elect the theory entitling her to the greatest damage award—the statutory claims—and will render judgment on the verdict in Veach's favor in the amount of $38,374.20.[1]

---

[1] State Farm represents it will file post-trial motions and make objections, including objections regarding the legal and factual sufficiency of the evidence,

b. <u>Veach is entitled only to reasonable and necessary attorneys' fees.</u>

As the prevailing party, Veach is entitled to recover reasonable and necessary attorneys' fees. Tex. Civ. Prac. & Rem. Code § 38.001(8); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) ("Under Texas law, when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)."); *see also* Tex. Ins. Code § 542.060; Tex. Bus. & Comm. Code § 17.50(d). And Veach requests $189,045.00 for 353.77 hours of attorney and paralegal work on this case. State Farm objects that this amount is "inflated, unnecessary, and unsupported by the evidence." The Court determines that Veach is entitled to only $115,723.00.

To assess what fees are reasonable and necessary, the Court considers: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the

---

after the entry of judgment. In view of this representation, the Court will not *sua sponte* suggest a remittitur at this time. *See SED Holdings, LLC v. TM Prop. Sols., LLC*, 6 F.4th 595, 613 (5th Cir. 2021) (observing that remittitur is warranted "if some portion [of the jury award] is so factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust").

professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Accounting for the *Arthur Andersen* factors, the Court uses the lodestar method for proving the reasonableness and necessity of attorneys' fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 (Tex. 2019).

Under the lodestar method, the determination of what constitutes reasonable attorneys' fee involves two steps. *Id.* at 484. First, the Court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. *Id.* The Court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. *Id.* The Court may then adjust the base lodestar up or down (apply a multiplier), if relevant factors indicate an adjustment is necessary to reach reasonable fees in the case. *Id.*

The lodestar method is a short-hand version of the *Arthur Andersen* factors and not a separate test or method. *Id.* at 496. The lodestar method is a focused and objective analysis of whether the fees sought are reasonable and necessary, yielding a base figure that reflects most *Arthur Andersen* factors and is thus presumptively reasonable. *Id.* But that figure is subject to adjustment if the presumption is overcome by other factors not accounted for in the base lodestar figure. *Id.* Consequently, the fact finder's starting point for calculating an

5

attorneys' fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate. *Id.* at 498. The fee claimant, or prevailing party, bears the burden of providing sufficient evidence on both counts. *Id.* Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* This base lodestar figure should approximate the reasonable value of legal services provided in prosecuting or defending the prevailing party's claim through the litigation process. *Id.* Accordingly, there is a presumption that the base lodestar calculation, when supported by sufficient evidence, reflects the reasonable and necessary attorneys' fees that can be shifted to the non-prevailing party. *Id.* at 499.

In view of the evidence, which includes affidavits from Veach's trial counsel and itemized billing statements, the Court finds that 349.77 hours (comprised of 209.65 attorney hours and 140.12 paralegal hours) was a reasonable amount of time for Veach's attorneys and their staff to litigate this insurance dispute and try the case to a jury over a four-day period. The Court also finds that a rate up to $500.00 per hour is a reasonable rate to charge for time billed by Veach's trial attorneys, and $150.00 per hour is a reasonable rate to charge for paralegal time. *SortiumUSA, LLC v. Hunger*, 2015 WL 179025, at *5 (N.D. Tex. Jan. 14, 2015) (Lynn, J.) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976) ("It is well-established that the Court may use its own expertise and

6

judgment to independently assess the hourly rates charged for attorneys' services.")); *see Aperia Sols., Inc. v. Evance, Inc.*, 2021 WL 3710563, a *3 (N.D. Tex. Aug. 19, 2021) (Starr, J.); *see also Merge Office Interiors, Inc. v. Alfa Adhesives, Inc.*, 2020 WL 2115645, at *2 (N.D. Tex. May 3, 2020) (Lynn, C.J.) (determining reasonableness of hourly rates "[b]ased on the Court's knowledge of rates charged for legal services by attorneys with the level of skill, competence, and ability of Plaintiff's counsel and paralegal in the Dallas legal community, and its experience in setting attorney[s'] fees in other cases").

The record does not contain sufficient evidence to support a finding that $800.00 per hour—or $1,600.00 per hour—is a reasonable rate for attorney Chad Wilson's time. To the contrary, evidence in the form of expert-opinion testimony from another recent case involving Chad Wilson proves that $500.00 per hour is a reasonable rate for attorney Chad Wilson's time. There also is insufficient evidence in the record to support a finding that $300.00 per hour is a reasonable rate for any professional time that appears on any billing statement when there is no affidavit or other evidence identifying the attorney or other professional who billed the time or that person's experience. Accordingly, the Court will not include in the lodestar calculation any time for any attorney other than Robert House and Chad Wilson.

The Court finds that the resulting lodestar is $115,723.00. This amount represents 90.80 hours billed by attorney Robert House at the rate of $450.00 per hour, 118.85 hours billed by attorney Chad Wilson at the rate of $500.00 per hour,

7

and 102.92 hours billed by various paralegals at $150.00 per hour. The Court finds this amount reflects the reasonable and necessary attorneys' fees to which Veach is entitled as the prevailing party.

    c. <u>Veach is entitled to pre- and post-judgment interest and a statutory penalty.</u>

Finally, Veach is entitled to pre- and post-judgment interest and a statutory penalty but not at the rates she requests in her Motion.

Prejudgment interest is compensation for the lost use of money owed as damages. *Agredano*, 2021 WL 4228340, at *13 (citing *Phillips v. Bramlett*, 407 S.W.3d 229, 238 (Tex. 2013)). An award of prejudgment interest reflects only simple interest on the principal, not including attorneys' fees or court costs. *Agredano*, 2021 WL 4228340, at *13 (citing Tex. Fin. Code § 304.104). Prejudgment interest accrues from the date that the suit was filed to the day before judgment is rendered. *Ventling v. Johnson*, 466 S.W.3d 143, 152 (Tex. 2015).

Under Texas law, a court must determine the prejudgment interest rate by referring to the post-judgment rate. Tex. Fin. Code § 304.103. The post-judgment interest rate in Texas is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent." Tex. Fin. Code § 304.003(c)(2). The current prime rate is 3.25 percent. *Bank Prime Rate*, Board of Governors of the Federal Reserve System, Selected Interest Rates, https://www.federalreserve.gov/releases/h15/default.html (last visited Dec. 10, 2021). Accordingly, the prejudgment interest rate is five percent of her claims, and

8

Veach is entitled to the five-percent rate from the date filed on July 31, 2019 to judgment.

Additionally, an insurer that violates the Prompt Payment Act "is liable to pay the holder of the policy . . . simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate." Tex. Ins. Code § 542.060(c); *Perez v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 1662477, at *6 (N.D. Tex. Apr. 28, 2021) (Lindsay, J.). This statutory penalty is in addition to and separate from prejudgment interest. Tex. Ins. Code § 542.060(c) ("Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law."); *Agranado*, 2021 WL 4228340, at *11-12, 13-14 (awarding both the statutory penalty interest and prejudgment interest); *see Perez*, 2021 WL 1662477, at *6-7. The penalty awarded accrues beginning on the date the claim was required to be paid. Tex. Ins. Code § 542.060(c).

To ensure timely processing and payment of claims, the PPA requires insurers to pay a claim within sixty days of receiving "all of the items, statements, and forms reasonably requested and required" of the insured and states that the insurer shall pay damages as provided by section 542.060 if it fails to do so. Tex. Ins. Code § 542.058(a). Thus, in this case, interest begins to accrue on February 27, 2019, because Veach established that State Farm had all the information needed to process her claim on December 29, 2018. Jury Verdict 9. Accordingly,

Veach is entitled to recover statutory-penalty interest of ten percent of her claims from February 27, 2019, to the date judgment is entered in this case.

Finally, federal courts award post-judgment interest pursuant to 28 U.S.C. § 1961. The statute grants interest "from the date of the entry of the judgment" at a rate "equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest compounds annually and is "computed daily to the date of payment." *Id.* § 1961(b). The principal for calculating post-judgment interest is "the entire amount of the final judgment," including attorneys' fees, costs, and prejudgment interest. *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991). The current post-judgment interest amount is 0.25 percent. United States District Court for the Northern District of Texas, P*ublications - Post Judgment Rate* (Dec. 10, 2021), http://www.txnd.uscourts.gov/publications/pjrate.html (reporting that the current post-judgment interest rate from December 6 to December 12, 2021 is 0.25 percent).

## Conclusion

The Court determines Veach is entitled to judgment in her favor in the amount of $38,374.29, plus a ten-percent statutory-interest penalty, five-percent prejudgment interest, necessary and reasonable attorney's fees in the amount of $115,723.00, and post-judgment interest.

**SO ORDERED**.

December 15, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

11