IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LINDA VEACH,

     Plaintiff,

v.

STATE FARM LLOYDS,

     Defendant.

No. 3:19-cv-02312-BT

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant State Farm Lloyds's post-judgment Motion (ECF No. 105) for new trial and remittitur. For the reasons explained in this Opinion, the Court GRANTS in part State Farm's Motion reducing the amount of damages from $38,374.29 to $20,776.79.

Accordingly, the Court ORDERS Veach to indicate, in writing within 10 days, whether she accepts the Court's remittitur. If Veach agrees to the Court's reduction in actual damages to $20,776.79, then the Court will amend its judgment. If Veach fails to accept the Court's remittitur by action or inaction, the Court will grant State Farm's Motion for new trial based on its objection that the jury's award was excessive as a matter of law. In the potential new trial to determine actual damages, the Court will not allow a new jury to consider any evidence outside the scope of the evidence already presented to the Court in the original trial, and the Court will not reconsider attorneys' fees or any other judgment awards except actual damages.

1

## Background

Veach sued State Farm under her homeowner's property insurance policy to recover for damages to her home's roof caused by hail during a June 6, 2018 storm. Notice of Removal 15-31 (ECF No. 1). The parties tried the case to a jury beginning on August 23, 2021. On August 26, 2021, the jury returned a verdict in Veach's favor. Verdict (ECF No. 93). In its verdict, the jury awarded Veach $17,255.24 for State Farm's breach of contract and $38,374.29 for State Farm's statutory violations. Verdict 9, 12. But the Court determined there was no evidence of any damages beyond the unpaid covered losses caused by the June 6, 2018 storm and that the jury's verdict impermissibly awarded Veach damages for the same loss under separate theories of liability. Mem. Op. & Order 2-3 (ECF No. 102). On December 15, 2021, the Court entered judgment in Veach's favor awarding her $169,404.95—comprising $38,374.29 in damages, a $10,744.80 statutory penalty, $4,562.86 prejudgment interest, and $115,723.00 in attorneys' fees. Judgment (ECF No. 103).

State Farm timely filed its post-judgment Motion in which it argues a new trial is warranted because: (i) the judgment award is excessive because it improperly includes damages beyond the policy benefits; and (ii) the Court improperly excluded a 2011 claim file. Mot. (105). Veach responded, Resp. (ECF No. 108), and the Motion is ripe for determination.

## Legal Standards and Analysis

In its Motion, State Farm renews its prior trial motion for Judgment as a Matter of Law (JMOL) under Rule 50(b) and requests a new trial or remittitur under Rule 59(a).

A renewed motion for judgment as a matter of law under Rule 50 may be joined in the alternative with a motion for new trial under Rule 59. *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, 2006 WL 3347911, at *1 (N.D. Tex. Nov. 17, 2006) (Solis, J.). The motions have wholly distinct functions and the two are governed by entirely different standards. *Id.* Although the evidence may be legally sufficient to take the case to the jury so that a judgment as a matter of law is not justified, still a new trial may be warranted where the verdict is against the great weight of the evidence. *See Urti v. Transp. Commercial Corp.*, 479 F.2d 766, 768 (5th Cir. 1973). "The court has wide discretion to order a new trial whenever prejudicial error has occurred." *Op Art*, 2006 WL 3347911, at *1. Among the grounds for a new trial are that the verdict is against the weight of evidence, that the damages are excessive, or for other reasons the trial was not fair. *See Montgomery Ward and Co. v. Duncan*, 311 U.S. 243, 251 (1940).

1. A JMOL is not warranted.

State Farm moved for a JMOL at the close of Veach's case-in-chief and again at the close of all the evidence. Trial Tr. pt. 2, at 69:12-72:6, 241:5-242:12. The Court denied each of State Farm's motions at trial. *Id.* While State Farm renews its request for JMOL in its post-judgment Motion, State Farm's brief lacks any

mention of its request for a JMOL. *See generally* Mot. Br. (ECF No. 106). State Farm offers no new arguments or additional analysis in support of its request. Accordingly, the Court construes State Farm's Motion to merely re-urge all of its trial arguments. The Court denies State Farm's renewed request for JMOL under Rule 50(b).

"The standard for granting a [post-verdict] renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion under Rule 50(a)." *Kilchrist v. Sika Corp.*, 2012 WL 3599383, at *4 (N.D. Tex. Aug. 22, 2012) (Boyle, J.) (citation and internal quotation marks omitted). Accordingly, the motion should be granted only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Cano v. Bexar Co.*, 280 F. App'x 404, 406 (5th Cir. 2008) (internal citations omitted).

The Court "should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (citation and internal quotation marks omitted). The court must not make credibility decisions or weigh the evidence in making its determination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]o survive a Rule 50 motion, the party opposing the motion must at least establish a conflict in substantial evidence on each essential element of their claim." *Goodner*, 650 F.3d at 1039 (citation and internal quotation marks

omitted). The court will "uphold a jury verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any verdict to the contrary." *Id.*

"Although federal standards of review apply, a court sitting in diversity, as here, 'refers to state law for the kind of evidence that must be produced to support a verdict.'" *Id.* at 1040 (citation omitted). Here, the jury determined State Farm breached its contract with Veach and violated sections of the Texas Insurance Code and Texas Deceptive Trade Practices Act (DTPA). Because the jury awarded a greater amount for the statutory violations and Veach is not allowed double recovery, the Court awarded Veach damages for State Farm's statutory violations. Mem. Op. & Order 2-3. In its motion for JMOL at trial, State Farm argued the evidence was insufficient for any reasonable jury to arrive at its verdict finding State Farm liable under Texas Insurance Code § 541 and the DTPA, the Texas Business and Commerce Code § 17.46. Trial Tr. pt. 2, at 69:13-20, 241:5-19.

In its pleadings and at trial, Veach argued State Farm engaged in Unfair Settlement Practices in violation of Texas Insurance Code § 541.060, which states:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in . . . misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to a

policyholder; or refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Section 541 further states:

> A person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

Tex. Ins. Code § 541.151(2). And section 17.46(b) provides a laundry list of violations of the DTPA, including "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve" and "knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service." Tex. Bus. & Comm. Code § 17.46(b)(12), (20).

At trial, Veach presented evidence, through her testimony and expert witness testimony, that State Farm underestimated the extent of the damage to Veach's roof caused by the June 6, 2018 storm; State Farm failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which State Farm's liability had become reasonably clear; State Farm refused to conduct a reasonable investigation with respect to the claim; State Farm misrepresented the parties rights, remedies, and obligations under the insurance policy; and Veach relied on State Farm's misrepresentations to her detriment. State Farm had an opportunity to cross-examine Veach's witnesses and probe their credibility. And State Farm presented its case-in-chief.

The jury weighed all the evidence and made its determination. The evidence was sufficient for a reasonable jury to find State Farm liable under either the Texas Insurance Code or the DTPA. Accordingly, the Court denies State Farm's renewed Motion for JMOL under Rule 50(b).

2. Remittitur is required, or a new trial is necessary.

Alternatively, State Farm asks for a new trial because (a) the Court erred in excluding evidence of Veach's 2011 claim file, Mot. 12-14; and (b) the damage award of $38,374.29 improperly includes mental-anguish damages or cannot be justified because Veach failed to offer any evidence of any damages beyond policy benefits, Mot. Br. 7-9.

a. *The 2011 claim file was properly excluded.*

When a court considers a Rule 59 motion, it must recognize "the need to bring litigation to an end and the need to render decisions on the basis [that] all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). "A Rule 59 motion may not be used to relitigate old matters, raise old arguments, or raise new arguments or present new evidence that could have been raised prior to entry of judgment." *Jackson v. RoundPoint Mortg. Serv'g Corp.*, 2020 WL 5552134, at *5 (N.D. Tex. Aug. 24, 2020) (Horan, J.), *rec. adopted*, 2020 WL 5544274 (N.D. Tex. Sept. 16, 2020) (Kinkeade, J.). "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Importantly, a party may not use a

motion for new trial to relitigate issues that were decided against them. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).

Here, State Farm attempts to relitigate the exclusion of Veach's 2011 claim file. This issue was fully briefed and argued, and this Court excluded the claim file and affirmed that decision multiple times. *See* Pl.'s Mot. to Strike (ECF No. 42); *see also* Order (ECF No. 51); Def.'s Mot. for Recons. (ECF No. 64); Pl.'s Resp. (ECF No. 69); Order (ECF No. 78); Trial Tr. pt. 3, at 1:5-2:20. The Court cannot relitigate this issue under Rule 59, and accordingly, it denies State Farm any relief under Rule 59 based on the exclusion of Veach's 2011 claim file.

Even if the Court could relitigate the issue, the Court would affirm its earlier decision. State Farm failed to timely produce the claim file in discovery—indeed, it did not produce the file until months after the close of discovery and only a few weeks before the initial trial setting—and it ignored Veach's objection to its late disclosure. Significantly, State Farm failed to provide any justification, much less a substantial justification, for its failure to timely produce this discovery. The Court excluded evidence of the claim file under Federal Rule of Civil Procedure 37, and the parties developed their trial strategies based around the claim file being excluded. State Farm filed an "emergency" motion for reconsideration (ECF No. 64) two weeks before trial. The Court considered State Farm's arguments and denied the eleventh-hour motion (ECF No. 78).[1]

---

[1] Judge Toliver made the initial ruling to exclude the claim file; the undersigned made the ruling on the motion to reconsider after Judge Toliver recused and the

The claim file contains evidence concerning the condition of the property, including evidence of prior damage to Veach's roof from an earlier storm. This evidence is relevant to the case. Yet State Farm withheld this evidence from Veach and her attorneys during the discovery period, their participation in two mediations, and trial preparation. As stated, the parties developed their trial strategies based on the Court's ruling that the claim file was excluded. Veach would have been surprised and severely prejudiced if the Court reversed its decision and permitted evidence of the claim file at trial. A continuance would not have cured this prejudice; rather, the prejudice would have been exacerbated because allowing the claim file would mean Veach would need a "do-over" for her trial preparation.

State Farm also argues Veach knew that she filed a claim in 2011 and therefore knew of the claim file. That Veach knew of her claim is not the same as knowing the contents of the claim file, which State Farm withheld from her attorneys until well after the close of discovery. Therefore, State Farm's *post hoc* rationalization for why Veach is not prejudiced by State Farm's failure to comply with the Federal Rules of Civil Procedure lacks merit.

    b.  *The jury's award of damages was excessive based on the evidence.*

State Farm further contends the damage award of $38,374.29 is excessive because it improperly includes mental-anguish damages, or it cannot be justified because Veach failed to offer any evidence of any damages beyond policy benefits.

---

case was transferred.

Here, the jury determined the "sum of money . . . [that] would fairly and reasonably compensate Plaintiff" was $17,255.24 for State Farm's breach of contract and $38,374.29 for State Farm's statutory violations. Mot. Br. at 12. And specifically, State Farm contends:

> The evidence that the jury apparently believed indicated that the total amount of benefits due under the policy for repairs to the loss was $17,255.24. But the jury's award for actual damages in the amount of $38,374.29 far outstripped the evidence about Veach's actual losses. This shows the excessive nature of the verdict . . . the award of actual damages is so against the great weight and preponderance of the evidence as to be manifestly unjust, warranting a new trial . . . Alternatively, State Farm suggests that the Court should consider a remittitur in the amount of $21,119.05, that is, resulting in a recovery of $17,255.24 total for actual damages.

*Id.* at 5-6. State Farm alleges the excessive award includes mental-anguish damages because "[t]he amount of damages, $38,374.29, exactly mirrors the amount in [Veach's] written pre-suit demand which included damages for mental anguish." *Id.* at 7; *see* Mot. App. 1, at 2 (ECF No. 106-1) ("Based on the information now available to us, . . . we estimate . . . $38,374.29 for damages, including mental anguish."). Therefore, pursuant to Rule 59(a), State Farm asks the Court to grant a new trial or reduce the damages award to $17,255.24—the jury's breach-of-contract award.

Under Rule 59(a), a court may "grant a new trial on all or some of the issues" to any party if the court determines that the "verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." Fed. R. Civ. P. 59(a)(1)(a); *Smith v. Transworld*

*Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (footnote and citations omitted). "[N]ew trials should not be granted on evidentiary grounds 'unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.'" *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982) (quoting *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980)).

In determining whether this standard is satisfied, the court weighs all the evidence and need not view it in the light most favorable to the nonmoving party. *Smith*, 773 F.2d at 612. The moving party also must demonstrate harmful error justifying a second trial. *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). "Because of the deference due the jury's factual findings, all reasonable efforts should be made to uphold its verdict." *Evans v. H.C. Watkins Memorial Hosp., Inc.*, 778 F.2d 1021, 1022 (5th Cir. 1985) (citation omitted).

"In an action based on state law but tried in federal court by reason of diversity of citizenship," like this case, "a district court must apply a new trial or remittitur standard according to the state's law controlling awards for excessiveness or inadequacy." *Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426 (1996)). Under Texas Rule of Civil Procedure 320, "[n]ew trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct," and "[n]ew trials may be granted when the damages are manifestly too small or too large." Tex. R. Civ. P. 320.

Texas conducts a holistic assessment at both stages of the inquiry. *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019) (citing *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986) (explaining that factual sufficiency of the evidence is the "sole remittitur standard")); *see, e.g.*, *Parra v. Interstate Express*, 501 F. Supp. 3d 430, 434 (N.D. Tex. 2020) (Pittman, J.). The "Texas review for excessiveness uses the same standard as any factual sufficiency claim." *Longoria*, 932 F.3d at 365. "The question boils down to whether the evidence introduced at trial would allow a reasonable, fair-minded jury to come to the verdict the actual jury reached." *Id.* (citing *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 159-60 (Tex. 2014)). The jury is afforded strong deference that is overcome only when the jury's damage award is "so factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust." *Id.* (citation omitted).

Before ordering a new trial, the Court may suggest remittitur if the verdict was excessive. *Mo.-Kan.-Tex. R. Co. v. Pierce*, 519 S.W.2d 157, 159 (Tex. App.—Austin 1975, writ ref'd n.r.e.); *see* Tex. R. Civ. P. 315 ("Any party in whose favor a judgment has been rendered may remit any part thereof."). If "there was obviously evidence which would support an answer or finding of some amount of money, the proper procedure for the . . . court to follow, if it believed the finding to be excessive, [is] to determine the maximum amount the evidence would support and then . . . overrul[e] . . . [a] motion for new trial conditional upon the filing of a remittitur of the excess." *Reed v. Enright*, 488 S.W.2d 596, 599 (Tex. App.—Dallas

1972, no writ) (citing *Ogle v. Craig*, 464 S.W.2d 95, 98 (Tex. 1971); *Greyhound Lines, Inc. v. Craig*, 430 S.W.2d 573, 578 (Tex. App.—Houston [14th] 1968, writ ref'd n.r.e.)). "Simply stated, it is within the authority of this Court to reverse and remand for a new trial, or to direct a remittitur where the damages are manifestly excessive." *Tejas Gas Corp. v Magers*, 619 S.W.2d 285, 288 (Tex. App.—Texarkana 1982, writ ref'd n.r.e.).

Regardless of whether the jury included mental-anguish damages in its award determination,[2] the Court must consider the maximum recoverable based on the evidence elicited. At trial, the only evidence to calculate damages was provided by Veach's witness Kevin Funsch and his estimate.[3] Trial Tr. pt. 1, at 218:7-13; Pl.'s Trial Ex. 3, at 2-8. Funsch is an insurance adjuster. He estimated "$20,776.79 . . . [as] the total cost of repairs that would be required to restore Ms. Veach's home to its pre-loss condition, again referring to the June 6, 2018 date of loss." Trial Tr. pt. 1, at 218:9-13; *see* Pl.'s Trial Ex. 3, at 8. Therefore, Veach only

---

[2] The Court did not instruct the jury on mental-anguish damages or submit a question on mental-anguish damages. *See generally* Verdict. However, the Court did instruct the jury in Question 6 where it awarded Veach $38,374.29: "Do not include in your answer damages, if any, not caused by the unfair or deceptive act or practice (as defined in question 5)." Verdict 12. And Question 5 did not define any act or practice to include mental anguish. Verdict 11. Therefore, State Farm's lack of faith that the jury followed the Court's instructions is contrary to federal jurisprudence. *See, e.g.*, *United States v. USPlabs, LLC*, 2018 WL 5831478, at *10 (N.D. Tex. Nov. 7, 2018) (Lindsay, J.) (citing *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) ("Absent such extraordinary situations, however, we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions.")).

[3] Kevin Funsch's estimate, Plaintiff's Exhibit 3, was preadmitted into evidence without objection. Trial Tr. pt. 1, at 196:5-7.

provided evidence to restore her home to its pre-loss condition. And the largest number, or maximum, provided at trial to restore Veach to her pre-loss condition was $20,776.79.[4] Hence, the verdict of $38,374.29 had a measurable defect of $17,597.50, and the award should be reduced by that amount. Accordingly, the Court reduces the damage award by the measurable defect to $20,776.79, the most the jury could award to Veach based on evidence provided.

If the court believes that a remittitur is appropriate, it must first offer the plaintiff a choice between accepting a reduction in damages or proceeding with a new trial on damages. *See Poliner v. Tex. Health Sys.*, 239 F.R.D. 468, 473 (N.D. Tex. 2006), *rev'd on other grounds*, 537 F.3d 368 (5th Cir. 2008). Accordingly, the Court orders Veach to indicate, in writing within 10 days, whether she accepts the Court's remittitur. If Veach agrees to the Court's reduction in actual damages to $20,776.79, then the Court will amend its judgment. If Veach fails to accept the Court's remittitur by action or inaction, the Court will grant State Farm's Motion for new trial for damages based on its objection that the jury's award was excessive as a matter of law.

## Conclusion

Accordingly, the Court GRANTS in part State Farm's Motion (ECF No. 105)

---

[4] The object of awarding a plaintiff recovery is to compensate for the actual loss sustained as a result of the defendant's conduct," and in this case, the statutes violated "embrace this concept by permitting the injured consumer to recover the greatest amount of actual damages alleged and factually established to have been caused by the deceptive practice." *Kish v. Van Note*, 692 S.W. 2d, 463, 466 (Tex. 1985).

reducing the actual damages amount in the judgment to $20,776.79 if agreed to by Veach or ordering a new trial to calculate damages.

**SO ORDERED**.

May 23, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE