IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA VEACH,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>    Defendant. | No. 3:19-cv-02312-BT |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Linda Veach's post-judgment Motion (ECF No. 104) for partial reconsideration. For the reasons explained in this Opinion, the Court GRANTS in part and DENIES in part Veach's Motion.

## Background

This property insurance-coverage dispute was tried to a jury beginning on August 23, 2021. On August 26, 2021, the jury returned a verdict in Veach's favor. Verdict (ECF No. 93). In its verdict, the jury awarded Veach $17,255.24 for State Farm's breach of contract and $38,374.29 for State Farm's statutory violations. Verdict 9, 12. On December 15, 2021, the Court entered judgment in Veach's favor for $169,404.95, comprising $38,374.29 in damages, a $10,744.80 statutory penalty, $4,562.86 of prejudgment interest, and $115,723.00 of attorneys' fees. (ECF No. 103).

Veach filed her post-judgment Motion on January 12, 2022; and later, without leave of Court, she filed a supplement to her Motion. Pl.'s Supp. (ECF No.

1

107). State Farm did not file a response specifically directed to Veach's Motion or the supplement. However, State Farm did file a separate post-judgment motion for a new trial or remitter with respect to the amount of damages. Accordingly, the Court construes the Motion as ripe for determination.

## Legal Standards and Analysis

In her Motion for partial reconsideration, Veach asks the Court to amend its judgment of damages and attorneys' fees. Specifically, Veach urges the Court to amend the judgment to permit her to recover both statutory and breach-of-contract damages. Mot. 1-3. Veach also argues the Court miscalculated her attorneys' fees because some evidence existed that two additional attorneys worked on her lawsuit. *Id.* at 4-5.

While the Federal Rules of Civil Procedure do not specifically provide for "motions to reconsider" such motions may be construed as Rule 59(e) motions to alter or amend a judgment. *McClung v. U.S. Bank Trust, N.A.*, 2019 WL 937853, at *2 (N.D. Tex. Jan. 24, 2019) (Rutherford, J.) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) ("If the motion is filed within [28] days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion.")), *rec. adopted*, 2019 WL 935505 (N.D. Tex. Feb. 26, 2019) (Boyle, J.). Here, Veach's Motion was filed within 28 days of judgment. Therefore, the Court construes Veach's Motion as a motion to alter or amend the judgment under Rule 59(e).

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). While "Rule 59(e) permits a court to alter or amend a judgment," it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (citation omitted). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all facts." *Id.* "Relief under Rule 59(e) is an extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

Here, Veach raises two issues—one that relitigates old matters, and the other where she presents evidence that should have been introduced prior to the entry of judgment. However, State Farm does not object to the new evidence, which

3

corrects an inadvertent error. Accordingly, the Court denies the first issue, but grants, in part, the second.

First, Veach asks this Court to find she is entitled to both statutory and breach-of-contract damages because this does not constitute double recovery. This issue was fully briefed by the parties and determined by this Court before judgment was entered. *See* Mem. Op. & Order 2-3 (ECF No. 102). And as explained in its earlier Memorandum Opinion and Order, "there was no evidence of any damages beyond the unpaid covered losses caused by the June 6, 2018 storm," and therefore, "Veach cannot recover the damages awarded by the jury for both the breach of contract claims and the statutory violations" because there was "no evidence [presented] beyond policy benefits." Mem. Op. & Order 2-3 (ECF No. 102). Accordingly, Veach's request to amend the judgment's actual damages is denied.

Second, Veach argues the Court miscalculated her attorneys' fees because the Court failed to recognize Tom Landry and Tara Peveto as attorneys who appeared in her lawsuit and worked on her behalf. Veach explains that these attorneys appeared on the docket and an expert witness confirmed Tom Landry's rate. Veach also points the Court to attorney billing records that used initials for its employees' names (including attorneys) and suggested that the Court should have ascertained that "TL" and "TP" in the billing records stood for Tom Landry and Tara Peveto. However, Veach failed to include details of Tom Landry's and

4

Tara Peveto's work and qualifications in any prejudgment motion with adequate supporting evidence.

Veach has not pointed to any case that obligates this Court to scour the docket, compare every person's name that ever appeared to a column of initials on a litigant's billing records, correlate that the two might be related, and then research the individual's qualifications to determine whether they might be an attorney who is worthy of a fee award. To the contrary, that's the litigant's burden. And here, Veach failed to meet her burden and put this evidence before the Court prior to judgment. Nonetheless, it appears the Court inadvertently calculated the time billed by Tom Landry and Tara Peveto at $150.00 per hour—the rate it found appropriate for paralegal time. The Court will correct this error and award Veach attorneys' fees for the 9.0 hours billed by Tom Landry and the 37.2 hours billed by Tara Peveto to $500.00 per hour—the rate it found appropriate for attorney time. The Court declines to make any other adjustments to the reasonable rates awarded for time billed by Chad Wilson or Robert House. Accordingly, Veach's request to amend the judgment of attorneys' fees is granted in part.

For the reasons explained, the Court GRANTS in part and DENIES in part Veach's Motion (ECF No. 104). The Court will enter an amended judgment that increases the attorneys' fee award to $131,893.00, or an additional $16,170.00.[1]

---

[1] An additional $350 per hour for 46.2 hours of billed time.

**SO ORDERED**.

May 23, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE